IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

FOWUNDO WALKER,                    )
                                   )
            Petitioner,            )
                                   )
      v.                           )   CASE NO. 2:11-CV-04-WKW
                                   )              [WO]
UNITED STATES OF AMERICA,          )
                                   )
            Respondent.            )

## MEMORANDUM OPINION AND ORDER

## I.  INTRODUCTION

On April 3, 2013, the Magistrate Judge filed a Recommendation (Doc. # 21) that this court deny Fowundo Walker's 28 U.S.C. § 2255 motion.  Mr. Walker timely filed objections to the Recommendation.  (Doc. # 22.)  After careful consideration, the court finds that the objections are due to be overruled and the Recommendation adopted.

## II.  STANDARD OF REVIEW

The court reviews *de novo* the portion of the Recommendation to which the objection applies.  *See* 28 U.S.C. § 636(b)(1).

## III. DISCUSSION

The Magistrate Judge recommends the denial of Mr. Walker's § 2255 motion. All of Mr. Walker's objections to that recommendation lack merit, and only the following two objections warrant discussion: (1) Mr. Walker's objection that the Recommendation erroneously fails to address trial counsel's alleged ineffectiveness for not arguing more fervently at the sentencing hearing that the facts did not warrant a two-point increase in his offense level for possession of a firearm, *see* U.S. Sentencing Guidelines Manual § 2D1.1(b)(1); and (2) Mr. Walker's objection that he did not knowingly and voluntarily waive his right to appeal and collaterally attack his sentence with respect to the § 2D1.1(b)(1) enhancement because he was unaware of its potential applicability at the time he entered into the plea agreement.

## A. <u>Objection One</u>

The Magistrate Judge did not address the ineffective-assistance claim Mr. Walker now raises because the operative Petition – which is the Amended Petition – did not contain this claim. (*See* Doc. # 5 (Am. § 2255 Petition).) In the Order allowing Mr. Walker to file his Amended Petition, the Magistrate Judge emphasized that the case would go forward only on the claims presented in the Amended Petition.[1]

---

[1] In his motion to amend his original Petition, Mr. Walker represented that he had filed an "incorrect" copy of his § 2255 motion, and he requested permission to "substitute" his § 2255 Petition and "replace it with" his corrected Petition. (Doc. # 3. (Walker's Mot. Am.).) As stated, the Magistrate Judge allowed the amendment.

(Doc. # 4 (Order).)   The Recommendation addressed each of the ineffective-assistance-of-counsel claims contained in the Amended Petition.  (*See* Doc. # 21 (Recommendation).)   To summarize, in his Amended Petition, Mr. Walker alleged ineffective assistance of trial counsel for failure to file a pretrial motion to suppress, to challenge the sufficiency of the evidence, to file an appeal challenging the sufficiency of the evidence as to a conspiracy conviction, and to file an appeal as to the § 2D1.1(b)(1) enhancement.  (*See* Doc. # 5.)   The Magistrate Judge did not err in not addressing a claim not alleged.

Moreover, to the extent that Mr. Walker's "Petition for Leave to Clarify" (Doc. # 16), filed more than twenty-two months after the commencement of this lawsuit, was Mr. Walker's attempt to amend his Amended Petition to add a new claim, that claim is untimely.[2]  And it does not relate back to the timely filed Amended Petition.

First, as to the claim's untimeliness, 28 U.S.C. § 2255(f) prescribes a one-year statute of limitations for § 2255 motions.  *See* § 2255(f).   The limitations period commences after the latest of four possible scenarios, including "the date on which the judgment of conviction becomes final."  § 2255(f)(1).   When, as here, "a defendant does not appeal his conviction or sentence, the judgment of conviction becomes final

---

[2] The Magistrate Judge construed the "Petition for Leave to Clarify" as a motion for leave to supplement and granted the motion.  (Doc. # 17 (Order).)   The Magistrate Judge did not construe the motion as a motion to amend the Amended Petition and appropriately so.

when the time for seeking that review expires." *Murphy v. United States*, 634 F.3d 1303, 1307 (11th Cir. 2011).  The court imposed judgment in Mr. Walker's criminal case on December 17, 2009, and Mr. Walker did not appeal within the allotted fourteen days. Mr. Walker did not file his "Petition for Leave to Clarify" until November 27, 2012.  November 2012 comes too late for purposes of § 2255(f)'s one-year statute of limitations.  Therefore, this new claim is barred unless it relates back.

Federal Rule of Civil Procedure 15(c) governs whether an amendment to a habeas petition relates back to the date of the original petition. *See Mayle v. Felix*, 545 U.S. 644, 655 (2005) (explaining the relationship between the Rule 15(c) and habeas proceedings).  Rule 15(c) provides that an amendment may relate back to an "original pleading" when both the pleading and amendment arise out of the same "conduct, transaction, or occurrence."  Fed. R. Civ. P. 15(c); *see also Mayle*, 545 U.S. at 655. The Supreme Court held in *Mayle* that an amendment to a habeas petition may relate back "[s]o long as the original and amended petitions state claims that are tied to a common core of operative facts."  545 U.S. at 664.  A new claim does not meet that standard and, thus, does not relate back "when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth." *Id.* at 650.  Similarly, if the untimely claim arises from "separate conduct," it will not relate back to the timely claim. *Davenport v. United States*, 217 F.3d 1341,

1344 (11th Cir. 2000).  "The untimely claim must have more in common with the timely filed claim than the mere fact that they arose out of the same trial and sentencing proceedings." *Id.*; *see also Mayle*, 545 U.S. at 656 (rejecting the expansive view that Rule 15(c)(2) permits relation back "so long as the new claim stems from the habeas petitioner's trial, conviction, or sentence").

Mr. Walker's new ineffective-assistance claim does not relate back to the ineffective-assistance claims asserted in his Amended Petition.  None of the claims in the original Petition has anything to do with counsel's performance at the sentencing hearing with respect to the § 2D1.1 enhancement.  The closest claim in the Amended Petition is the one concerning trial counsel's failure to appeal the § 2D1.1(b)(1) enhancement.  But trial counsel's advocacy on appeal is not at issue in the new claim. Rather, the new claim challenges trial counsel's advocacy during the sentencing phase and, more specifically, the efficacy of his argument made to the sentencing court. These claims arise out of separate conduct; they are "distinctly separate claims." *Romanes v. Sec'y Dep't of Corrs.*, 621 F. Supp. 2d 1249, 1266 (M.D. Fla. 2008) ("Petitioner's supplemental claim of ineffective assistance of *appellate* counsel is distinctly separate from his claims of . . . ineffective assistance of *trial* counsel raised in his original and amended petitions." (emphasis added)); *see also United States v. Hales*, No. 07-385, 2010 WL 2105141, at *10 (S.D. Ala. May 24, 2010) ("Where a

§ 2255 petitioner timely raises ineffective assistance claims concerning one part of the case, the Eleventh Circuit has steadfastly refused to allow relation back of later-filed ineffective assistance claims concerning other aspects of the representation." (collecting cases)). Based on the foregoing, Mr. Walker's argument that his untimely claim merely is a clarification of his timely claims lacks merit. Because Mr. Walker's untimely claim does not relate back to his earlier claims, it is barred by § 2255(f)'s one-year limitations period.

Assuming *arguendo* that Mr. Walker's ineffective-assistance claim is timely, the court finds that it lacks merit. As the Recommendation explains, Mr. Walker's trial counsel did in fact object to the § 2D1.1(b)(1) enhancement both before and at Mr. Walker's sentencing hearing. (Doc. # 21 (Recommendation 14 n.10).) Trial counsel's objection put the government to its proof on this issue. After an evidentiary hearing and oral argument on the issue, the court overruled the objection, notwithstanding trial counsel's vigorous argument. The fact that Mr. Walker believes that his counsel did not do enough to forestall the sentencing enhancement is insufficient on this record to show that "counsel's performance fell below an objective standard of reasonableness." *Darden v. Wainwright*, 477 U.S. 168, 184 (1996) (citation and internal quotation marks omitted). Objection one lacks merit.

6

B.     **Objection Two**

As to Mr. Walker's second objection, in the proceedings before the Magistrate Judge, Mr. Walker did "not challenge the validity of the waiver in the plea agreement," and the Magistrate Judge found "nothing in the record showing that the waiver was anything but knowing and voluntary."     (Doc. # 21, at 11 (Recommendation).)  On review of a Magistrate Judge's Recommendation, "a district court has discretion to decline to consider a party's argument when that argument was not first presented to the magistrate judge."  *Williams v. McNeil*, 557 F.3d 1287, 1292 (11th Cir. 2009).

Because Mr. Walker challenges the voluntariness of his waiver of appeal and collateral attack for this first time in his objection, the court need not consider it.  In any event, his argument that he entered into the plea agreement without knowledge of the potential applicability of the § 2D1.1(b)(1) enhancement does not compel a different finding on the issue of voluntariness.  Of particular noteworthiness, in his plea agreement, Mr. Walker expressly acknowledged that the court may determine that his "offense level or criminal history category is higher than [he] anticipated." (Doc. # 11-3 ¶ 7 (Plea Agreement).)  Objection two lacks merit.

## IV.  CONCLUSION

Based upon an independent and *de novo* review of those portions of the Recommendation to which objection is made, § 636(b)(1), it is ORDERED as follows:

1.      Mr. Walker's Objections (Doc. # 22) are OVERRULED.

2.      The Magistrate Judge's Recommendation (Doc. # 21) is ADOPTED.

3.      Mr. Walker's 28 U.S.C. § 2255 motion is DENIED with prejudice as the claims therein entitle him to no relief.

A separate judgment will be entered.

DONE this 8th day of May, 2013.

_____/s/ W. Keith Watkins_____
CHIEF UNITED STATES DISTRICT JUDGE

8